Filed 11/25/24  Goldwater v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JASON GOLDWATER, | D085139 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. 24HR021534C) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| RAPHAEL FRANCISCO MENA, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate.  Timothy B. Taylor, Judge.
Petition granted.

Jason Goldwater, self-represented petitioner.

David R. Loeffler, Loeffler Law, for real party in interest.

Petitioner Jason Goldwater seeks a writ of mandate compelling the
trial court to vacate its order denying his request for a temporary restraining
order (TRO) and to enter a new order granting a TRO.  We issued an

alternative writ and informed the parties that if the respondent court did not reconsider its ruling, we would consider issuing a peremptory writ in the first instance (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178–180.) Goldwater has now informed this court that the respondent court has not granted the requested relief. Accordingly, we grant the petition and will issue a peremptory writ directing the respondent court to vacate its prior order and enter a new order granting Goldwater's request for a TRO.

BACKGROUND

Goldwater's writ petition arises from dueling requests for civil harassment restraining orders by two neighbors following a physical altercation. Goldwater lives in a condominium complex in Hillcrest with his two dogs. According to Goldwater, he was in a common area with his dogs when one wandered onto his neighbor's patio. The neighbor's boyfriend, Raphael Mena, was outside and Goldwater heard Mena attacking the dog. Goldwater and Mena have a history of confrontation, including a prior incident where both parties sought restraining orders against each other.

Goldwater claims he went onto the neighbor's patio to defend his dog, resulting in a physical fight between Goldwater and Mena. Goldwater states he was attacked by Mena, who would have "murdered" him by strangling him with a dog leash if two neighbors did not intervene to save him. Goldwater admits, however, that when the police responded, they arrested him and not Mena. Goldwater states he has since been informed that the District Attorney will not be pursuing charges against him.

In an informal response to the petition, Mena denies Goldwater's version of events. He claims Goldwater was the aggressor and asserts he will be able to prove the actual version of the altercation at an evidentiary

2

hearing. As discussed below, neither the respondent court nor this court need to resolve this conflict at this stage of the proceedings.

Two days after the incident, Goldwater filed a request for a civil harassment restraining order against Mena. He supported his request with a declaration under penalty of perjury setting forth his version of events and with photographs of his physical injuries.

The same day, the court denied Goldwater's request for a TRO, but set a hearing for November 26, 2024. In a brief explanation, the court explained it was denying the request because Mena also requested a restraining order and had obtained a TRO earlier that same day against Goldwater. The court stated that "[t]he reciprocal requests should be set for hearing the same day."

## DISCUSSION

The procedure to obtain a civil harassment restraining order is set by statute. Code of Civil Procedure[1] section 527.6, subdivision (a), allows "[a] person who has suffered harassment," as defined in the statute, to "seek a temporary restraining order and an order after hearing prohibiting harassment." A TRO may be granted with or without notice but must be considered on the day the petitioner submits his or her petition. (*Id.* at subds. (d) & (e).)

To obtain a TRO, the petitioner must submit an affidavit showing "reasonable proof of harassment of the [plaintiff] by the [defendant], and that great or irreparable harm would result to the [plaintiff]." (§ 527.6, subd. (d).) "Harassment" is defined as including "unlawful violence." (*Id.* at subd. (b)(3).) "Unlawful violence" is any assault or battery but does not include lawful acts of self-defense. (*Id.* at subd. (b)(7).)

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

The TRO "shall remain in effect, at the court's discretion, for a period not to exceed 21 days, or, if the court extends the time for hearing" for good cause, "not to exceed 25 days, unless otherwise modified or terminated by the court." (§ 527.6, subd. (f).)  However, "[w]ithin 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition." (*Id.* at subd. (g).)

Section 527.6 sets forth a possible two-step procedure, with a full evidentiary hearing occurring only at the second step following issuance of a TRO to protect the plaintiff until that hearing can be held. (§ 527.6, subd. (i).)  At the first step, the court may issue a TRO ex parte based solely on the affidavit submitted by the plaintiff. (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 731–732; § 527.6, subd. (c).)  We review the summary denial of a TRO for abuse of discretion. (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 333–334.)

Here, the trial court denied Goldwater's request for a TRO without finding that he did not make the required showing, but rather because Mena had already obtained a TRO earlier the same day against Goldwater. The court did not explain how a TRO protecting Mena would also protect Goldwater. Although the two plaintiffs offer opposing versions of the physical altercation, the record before us does not suggest that it was possible for the court to determine that Mena was telling the truth and acting in self-defense when he caused injury to Goldwater. While it is entirely possible that Mena will be able to prove his claims following an evidentiary hearing, it was impossible for the court to make that determination ex parte based on competing affidavits.

4

Goldwater's affidavit demonstrates that following a physical altercation with Mena, Goldwater suffered physical injuries requiring medical attention. Given that Mena's boyfriend lives in the same complex as Goldwater, the affidavit establishes that Goldwater was concerned he would be harmed in the future absent a TRO. Based on this very limited record, we conclude it was an abuse of discretion for the respondent court to deny Goldwater's request for a TRO until the date set for the evidentiary hearing.

Our decision that the trial court should have granted the request for TRO should not be construed as suggesting that Goldwater is entitled to a restraining order after an evidentiary hearing or that Mena is not credible in his claim of self-defense. In his informal response, Mena presents evidence, including video evidence, to support his version of events. There is no indication, however, that this evidence was before the trial court when it was considering Goldwater's request for a TRO. The conflict between Mena and Goldwater's claims must be resolved at an evidentiary hearing, not at this ex parte stage.

## DISPOSITION

Let a writ issue commanding the respondent court to vacate its order denying Goldwater's request for a TRO and to enter a new order granting a TRO before the hearing on the request for a restraining order, currently set for November 26, 2024. This opinion is final immediately as to this court.

5

(Cal. Rules of Court, rule 8.490(b)(2)(a).)  The parties are to be bear their own costs in this proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(B).

DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


KELETY, J.